[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DATE OF SENTENCE: OCTOBER 07, 1996 DATE OF APPLICATION: OCTOBER 07, 1996 DATE APPLICATION FILED: OCTOBER 22, 1996 DATE OF DECISION: FEBRUARY 27, 2001
Application for review of sentence imposed by the Superior Court, Judicial District of Fairfield at Bridgeport.
Docket No. CR95-112170T.
Catherine Teitell, Esq., Defense Council, for the Petitioner
Cornelius Kelly, Esq., Assistant State's Attorney, for the State.
 BY THE DIVISION 
The petitioner was convicted by jury of Possession of Narcotics with Intent to Sell in violation of Conn. Gen. Statute 21a-277 (a). The CT Page 4751 petitioner received a maximum sentence of 15 years to serve.
Counsel for the petitioner called the sentence imposed inappropriate and disproportionate. She indicated that the panel should focus on the fact that the petitioner sold only five vials of cocaine and that a sentence of 3 years per vial was inappropriate.
Counsel also felt that some of the remarks of the sentencing judge were inappropriate and may have lead to such a drastic sentence. Counsel candidly admitted the petitioner had other drug and weapon convictions but even taking those into consideration felt the sentence was excessive. Counsel argued that petitioner should have given some credit for the successful times that he spend productively outside of prison and asked for this panel to reduce his sentence.
Petitioner when he addressed the panel stressed that addiction took control of his life and that he now recognizes that he would do anything for drugs and that he knows the enemy. With that revelation he asked the panel to lower his sentence and allow him to go to a long-term program.
The attorney for the State noted that the petitioner had many opportunities for rehabilitation and that he consistently missed them. Counsel stated that a person with the petitioner's criminal history which included weapons, narcotics, sexual assault and kidnaping can merit the full sentence as given here. He asked the panel to affirm.
In reviewing the sentence imposed this panel acknowledges that it is a maximum sentence imposed under the statute. However, with the petitioner's horrible criminal record and his impervious insistence in continuing to deal in drugs he netted himself the sentence imposed. The focus of the sentencing court was that the petitioner choose to indulge in further criminal activity, not the amount of the activity.
This panel's authority is limited to review of the sentence, to value whether it is inappropriate or disproportionate to the nature of the offense, the character of the petitioner, the protection of the public interest, and the deterrent, rehabilitative, isolate, denunciatory purposes for which the sentence was imposed.
THIS SENTENCE IS AFFIRMED.
NORKO, J.
KLACZAK, J.
MIANO, J. CT Page 4752
Judges Miano, Klaczak, and Norko participated in this decision.